**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

JUAN CARLOS GIL, an individual,

and

ACCESS 4 ALL, INC., a Florida not for

Profit Corporation,

                                                    CASE:

          Plaintiffs,

  v.

VASU HOSPITALITY, INC., a Florida

Profit Corporation.


          Defendant.

                                                                    /

## COMPLAINT

Plaintiffs, and JUAN CARLOS GIL and ACCESS 4 ALL, INC, on behalf of themselves

and all other persons similarly situated (collectively hereinafter "Plaintiffs"), hereby sue, VASU

HOSPITALITY, INC., a Florida Profit Corporation, (collectively hereafter "Defendant") and as

grounds allege:

## JURISDICTION AND VENUE

1.      The Court has original jurisdiction over Plaintiffs' claims arising under 42 U.S.C.

§ 12181, *et seq*. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and

2202, and may render declaratory judgment on the existence or nonexistence of any right under

42 U.S.C. § 12181, *et seq*.

3.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 36.202, 2201

and 2202, and may render declaratory judgment on the existence or nonexistence of any right under

1

42 U.S.C. § 12181, *et seq.*

4.      Plaintiff, JUAN CARLOS GIL, is an individual over eighteen years of age, who resides in Florida and is otherwise *sui juris.* Plaintiff, JUAN CARLOS GIL, is a member of the Not-for-profit Corporation, ACCESS 4 ALL, INC.

5.      Plaintiff, JUAN CARLOS GIL, is an individual over eighteen years of age, and is otherwise *sui juris.* Plaintiff, JUAN CARLOS GIL, is "disabled" and has at all times herein suffered from a "qualified disability" as defined by the ADA.

6.      Plaintiff, ACCESS 4 ALL, INC, is a Florida Not-for-profit Corporation, formed under the laws of Florida, and maintains its principal office in Miami-Dade County, Florida. Members of its organization include individuals with disabilities as defined by the ADA, and are representative of a cross-section of the disabilities to be protected from discrimination by the ADA. The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities. ACCESS 4 ALL, INC and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA. One or more of its members has suffered an injury that would allow it to bring suit in its own right. ACCESS 4 ALL, INC has also been discriminated against because of its association with its disabled members and their claims.

7.      At all times material, Defendant, VASU HOSPITALITY, INC., was and is a Florida Profit Corporation located in Florida and doing business in the State of Florida, owning and operating a hotel in the State of Florida, and deriving substantial revenue from the State.

8.      At all times material, Defendant, VASU HOSPITALITY, INC., owned, leased,

2

and/or operated the Commercial Property located at 4620 W Grandy Blvd., Tampa, FL 33611 (hereinafter "Commercial Property") operated as "La Quinta Inn Tampa South".

9.      Venue is properly located in the Middle District of Florida pursuant to 28 U.S.C.A. § 1391(b) in that all events giving rise to this lawsuit occurred in Tampa, Florida.

10.      Defendant's Commercial Property at issue in this matter and the business therein are located in and around the Hillsborough County area. The Defendant regularly conduct business within Hillsborough County area, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Hillsborough County area.

FACTUAL ALLEGATIONS

11.      Plaintiff, JUAN CARLOS GIL, is an individual with disabilities as defined by and pursuant to the ADA.  Plaintiff, JUAN CARLOS GIL, is an advocate for the rights of blind and wheelchair bound disabled individuals (like himself). Plaintiff travels around the U.S. and internationally, including but not limited to events aimed at, or geared toward, people with disabilities.  Plaintiff, Gil, is also an active member of the National Federation of the Blind and on the board of directors for Access.  As such, he actively promotes both groups and addresses the needs of active and prospective members of both organizations and the disabled community at large, on his travels.

12.      Plaintiff, JUAN CARLOS GIL, regularly visits the Tampa area and stayed in the Commercial Property in February 2026.  The location of the Commercial Property makes it a convenient and necessary destination for Plaintiff when visiting and spending time in the area. The ongoing nature of these barriers has consistently impacted Plaintiff's ability to independently access and enjoy the services at the hotel, causing him continued frustration and difficulty during his regular visit.  Plaintiff, JUAN CARLOS GIL, intends to return to Tampa in

the summer of 2026 and hopes to be able to enjoy the goods and services offered at the Commercial Property, should the obstacles be rectified.

13.    Defendant has discriminated against Plaintiffs by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property as prohibited by 42 U.S.C. § 12182, *et seq*.

14.    Defendant has discriminated, and continue to discriminate, against Plaintiffs in violation of the ADA by failing, *inter alia*, to have accessible facilities by January 26, 1992. A list of the violations that Plaintiffs encountered during their visits to Defendant's Commercial Property includes, but is not limited to, the following specific defect violations of the ADA:

A.    Parking and Exterior Routes

i.    Routes to site arrival points are inaccessible, violating § 206 of the 2010 ADA Standards for Accessible Design and impeding Plaintiff's ability to maneuver within the parking area.

ii.    Route clear width reduced to less than thirty-two inches, violating § 403.5 of the 2010 ADA Standards for Accessible Design and impeding Plaintiff's ability to maneuver within the parking area.

iii.    Inaccessible entrances lack required directional signage, violating § 216 of the 2010 ADA Standards for Accessible Design and impeding Plaintiff's ability to maneuver within the parking area.

iv.    Guest entrance lacks required maneuvering clearances to enter, violating § 404.2.4 of the 2010 ADA Standards for Accessible Design and impeding Plaintiff's ability to maneuver within the parking area.

v.    Minimum required accessible parking spaces are not provided, violating § 208 of the

2010 ADA Standards for Accessible Design and impeding Plaintiff's ability to maneuver within the parking area.

vi. Parking space lacks required access aisle, violating § 502.3 of the 2010 ADA Standards for Accessible Design and impeding Plaintiff's ability to maneuver within the parking area.

B. Access to Goods and Services

i. Dining and work surfaces lack required toe clearance, violating § 902 and 306 of the 2010 ADA Standards for Accessible Design.

C. Restrooms

i. Latch side clearance to exit is less than eight inches, violating § 404.2.4 of the 2010 ADA Standards for Accessible Design. The improper design impedes Plaintiffs' access to the restrooms.

ii. Improper rear grab bar violates § 604.5 of the 2010 ADA Standards for Accessible Design. The improper design impedes Plaintiffs' access to the restrooms.

iii. Side grab bar is improperly located, violating § 604.5 of the 2010 ADA Standards for Accessible Design. The improper design impedes Plaintiffs' access to the restrooms.

iv. Mirror height is greater than forty-six inches above the floor, violating § 603.3 of the 2010 ADA Standards for Accessible Design. The improper design impedes Plaintiffs' access to the restrooms.

D. Hotel Guestroom

i. Latch side clearance to exit set at a distance of less than eight inches, violating § 404.2.4 of the 2010 ADA Standards for Accessible Design. The improper design

impedes Plaintiffs' access to and maneuverability in the guestroom.

ii. Path of travel clear width set less than thirty-two inches, violating § 403.5 of the 2010 ADA Standards for Accessible Design. The improper design impedes Plaintiffs' access to and maneuverability in the guestroom.

iii. Thermostat control lacks required clear floor space, violating § 305 and 309 of the 2010 ADA Standards for Accessible Design. The improper design impedes Plaintiffs' access to and maneuverability in the guestroom.

iv. Toilet flush controls not mounted to open side, violating § 604.6 of the 2010 ADA Standards for Accessible Design. The improper design impedes Plaintiffs' access to and maneuverability in the guestroom.

v. Improper rear grab bar and improperly located side grab bar violate § 604.5 of the 2010 ADA Standards for Accessible Design. The improper designs impedes Plaintiffs' access to and maneuverability in the guestroom.

vi. Water closet clearance is less than forty inches, violating § 604.3 of the 2010 ADA Standards for Accessible Design. The improper design impedes Plaintiffs' access to and maneuverability in the guestroom.

vii. Sink pipes lack proper insulation, violating § 606.5 of the 2010 ADA Standards for Accessible Design. The improper design impedes Plaintiffs' access to and maneuverability in the guestroom.

viii. Roll-in Shower is an inaccessible design, violating § 806.2.4, 608.2 and 608.5 of the 2010 ADA Standards for Accessible Design. The improper design impedes Plaintiffs' access to and maneuverability in the guestroom.

15. Plaintiffs are without adequate remedy at law and are suffering irreparable harm.

Plaintiffs have retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and/or 28 CFR 36.505.

### COUNT I - ADA VIOLATIONS

16.    Plaintiffs adopt and re-allege the allegations set forth in paragraphs 1 through 15 above as though fully set forth herein.

17.    The discriminatory violations described in this Complaint are not an exclusive list of Defendant's ADA violations. Plaintiffs request an inspection of Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiffs further request to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiffs from further ingress, use, and equal enjoyment of the Commercial Property and the business(es) therein; Plaintiffs request to be physically present at such inspection in conjunction with Rule 34 and timely notice.

18.    The Plaintiffs, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs, and activities offered by Defendant's Commercial Property and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations as set forth above. The Plaintiffs, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiffs require an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

19.    Defendant has discriminated against the Plaintiffs by denying them access to full

7

and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against Plaintiffs, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

20.     Plaintiffs are without adequate remedy at law, will suffer irreparable harm, and have a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiffs. Plaintiffs have retained the undersigned counsel and are entitled to recover attorneys' fees, costs, and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

21.     A Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiffs require an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

22.     Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992. All other conditions precedent have been met by Plaintiffs or waived by Defendant.

8

23.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs' Injunctive Relief, including an order to alter the property where Defendant operates their business(es) located within the Commercial Property, the interiors, exterior areas, and the common exterior areas of the Commercial Property to make those facilities readily accessible and useable to the Plaintiffs and all other mobility-impaired persons; or by closing the facility until such time as the Defendant cures their violations of the ADA.

**WHEREFORE**, the Plaintiffs respectfully request the Court:

a.     Issue a Declaratory Judgment determining Defendant, at the commencement of the subject lawsuit, were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181.

b.     Issue injunctive relief against Defendant, including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services;

c.     Grant an award of attorneys' fees, costs, and litigation expenses pursuant to 42 U.S.C. § 12205.

d.     Grant such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

## COUNT II – VIOLATIONS OF 28 C.F.R. SECTION 36.302(e)(1)

24.    Plaintiffs incorporate and reallege paragraphs 1 through 15 as though set forth fully herein.

25.    This is an action for violations of  28 C.F.R. Section 36.302(e)(1).

26.    More specifically, 28 C.F.R. Section 36.302(e)(1) imposes the following requirement: Reservations made by places of lodging. A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party -

(i)    Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;

(ii)    Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;

(iii)    Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is  the only remaining room of that type;

(iv)    Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and

(v)    Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in

response to reservations made by others.

These regulations became effective March 15, 2012.

27.     Defendant owns, operates, controls and/or maintains a website for the Commercial Property, and/or manages listings and provide information to third party site, which contain an online reservations systems for the Commercial Property. This website is located at:

https://laquintainnsuitesbywyndhamtampabayareatampasouth.reservationstays.com/hotels/7jdYB8PG?utm_source=adwords_semro&utm_campaign=G%3ARS%3AUS%3APPC%3ANB%3ADSA-Prop%3AUS-US%3AEN&gad_source=1&gad_campaignid=11321483640&gbraid=0AAAAAo1QcNmNMmAUwWi1QlKYk97NzTuq6&gclid=Cj0KCQjwy_fOBhC6ARIsAHKFB7_C22JHi-mDslHw1I2G3tIxozT3rLW3EEaBQiUCGUHyzIKPCl5ZcfwaAnYDEALw_wcB&redirect_auth_retry=true&expand_params=false.

28.     The purpose of this website is so that members of the public may reserve guest accommodations and review information pertaining to the goods, services, features, facilities, benefits, advantages, and accommodations of the Commercial Property. As such, this website is subject to the requirements of 28 C.F.R. Section 36.302(e).

29.     Prior to the commencement of this lawsuit, Plaintiff, JUAN CARLOS GIL, visited the Defendant's website for the purpose of reviewing and assessing the accessible features at the Commercial Property and ascertain whether they meet the requirements of 28 C.F.R. Section 36.302(e) and their accessibility needs. In each instance, at various points in the reservation process each website indicated that handicap or mobility accessible rooms were available.

30.     In each instance the website provided insufficient information or misinformation regarding accessible features in the rooms or the hotel. Indeed, Plaintiff, JUAN CARLOS GIL's room did not contain sufficient accommodations and, consequently, Plaintiff was not able to use

the room.

31.    In the near future, including as set forth above, Plaintiff, JUAN CARLOS GIL, intends to revisit the Defendant's website and/or online reservations system in order to test them for compliance with 28 C.F.R. Section 36.302(e) and/or to utilize the website to reserve a guest room and otherwise avail himself of the goods, services, features, facilities, benefits, advantages, and accommodations of the Commercial Property.

32.    Plaintiffs are continuously aware that the subject website remain non-compliant and that it would be a futile gesture to revisit the website as long as those violations exist unless they are willing to suffer additional discrimination.

33.    The violations present at the Defendant's website infringe Plaintiffs' right to travel free of discrimination and deprive them of the information required to make meaningful choices for travel. Plaintiffs have suffered, and continue to suffer, frustration and humiliation as the result of the discriminatory conditions present at the Defendant's website. By continuing to operate the website with discriminatory conditions, Defendant contributes to Plaintiffs' sense of isolation and segregation and deprive Plaintiffs the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public. By encountering the discriminatory conditions at the Defendant's website and knowing that it would be a futile gesture to return to the website unless they are willing to endure additional discrimination, Plaintiffs are deprived of the same advantages, privileges, goods, services and benefits readily available to the general public. Defendant's online reservations system serves as a gateway to its hotel. Because this online reservations system discriminates against Plaintiffs, it is thereby more difficult to book a room at the hotel or make an informed decision as to whether the facilities at the hotel are accessible.

34. Plaintiffs have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to modify their website to comply with the requirements of the ADA and to continually monitor and ensure that the subject website remains in compliance.

35. Plaintiffs have a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this website. Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by the Defendant.

36. Defendant has discriminated against the Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302(e). Furthermore, the Defendant continues to discriminate against the Plaintiffs, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

37. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs Injunctive Relief, including an order to require the Defendant to alter the subject website to make them readily accessible and useable to the Plaintiffs and all other persons with disabilities as defined by the ADA and 28 C.F.R. Section 36.302(e); or by closing the website until such time as the Defendant cures its' violations of the ADA.

38.    Plaintiffs pray for judgment as set forth below.

**WHEREFORE**, the Plaintiffs respectfully request the Court:

a.    Issue a Declaratory Judgment determining Defendant, at the commencement of the subject lawsuit, were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and 28 C.F.R. Section 36.302(e);

b.    Issue injunctive relief against the Defendant including an order to revise its website to comply with 28 C.F.R. Section 36.302(e) and to implement a policy to monitor and maintain the website to ensure that it remains in compliance with said requirement;

c.    Grant an award of attorneys' fees, costs, and litigation expenses pursuant to 42 U.S.C. § 12205; and

d.    Grant such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: April 14th, 2026                            Respectfully submitted,

By: _____

John A. Salcedo, Esq.
Florida Bar No.: 14665
The Mineo Salcedo Law Firm, P.A.
5600 Davie Road
Davie, FL 33314
T: 954.463.8100
E: jsalcedo@mineolaw.com
Attorney for Plaintiffs